```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                     NORTHEASTERN DIVISION
```

FILED
99 MAR 22 AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

DELILAH H. GREENHAW, )
)
    Plaintiff, )
)
v. ) Civil Action No. 98-S-2075-NE
)
CHRYSLER CORPORATION, et al., )
)
    Defendants. )

ENTERED
MAR 2 2 1999

## MEMORANDUM OPINION

Plaintiff commenced this action in the Circuit Court of Morgan County, Alabama, on July 13, 1998. Plaintiff asserts two claims arising out of an automobile accident in which the air bag in plaintiff's vehicle did not deploy: (1) a claim pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD); and (2) a claim for breach of warranty. Defendant Chrysler Corporation removed the action to this court on August 14, 1998.[1]

Chrysler filed a motion for summary judgment on "each and every count and claim contained in Plaintiff's complaint" on January 22, 1999. (Defendant's motion, Doc. No. 9.) In an order entered on January 27, 1999 (Doc. No. 10), this court set February 24 as the deadline by which plaintiff must file any evidentiary

---

[1] Plaintiff named unknown persons "A,B,C" in the complaint as unascertained defendants. The Federal Rules of Civil Procedure do not allow courts to recognize such fictitious parties. See Fed. R. Civ. P. 10(a). Plaintiff has submitted nothing to this court identifying these parties. Thus, the court considers Chrysler Corporation to be the sole defendant in this action.

matters, and March 3, 1999 as the deadline by which plaintiff must file any brief, in opposition to Chrysler's motion for summary judgment. Chrysler filed a supplement to its motion for summary judgment on February 17, 1999. (See Defendant's supplement, Doc. No. 12.) Plaintiff has not responded to Chrysler's original motion or its supplement, nor has plaintiff filed any document with this court since the order of January 29 was entered.[2]

Chrysler argues, in essence, that plaintiff's claims must fail because (1) plaintiff has disclosed no designated expert witnesses and has submitted no expert report, and (2) plaintiff is "guilty of spoilation with regards to the air bag and air bag system at issue in this case." (See Defendant's supplement, at 1.) The deadline for plaintiff to disclose expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specifically retained or employed expert, was January 5, 1999. (See Scheduling Order entered September 16, 1998, Doc. No. 5, ¶4 at 1.) Thus, this court will not now accept any proffer of expert testimony by plaintiff, which is fatal to plaintiff's AEMLD claim. See Robinson v. Ford Motor Company, 967 F. Supp. 482, 487 (M.D. Ala. 1997), aff'd, 144 F.3d 56 (11th Cir. 1998) (Table).

---

[2] In fact, plaintiff has filed nothing with this court. The case was removed to this court on August 14, 1998 (Notice of removal, Doc. No. 1).

2

Moreover, Chrysler argues that plaintiff's spoilation of evidence was in bad faith and is prejudicial to Chrysler, thus warranting dismissal. Again, plaintiff had not responded to Chrysler's motion.

When a motion for summary judgment is made and supported as provided by the *Federal Rules of Civil Procedure*,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon review of the pleadings and Chrysler's motion,

supplement, evidentiary submissions, brief, and authorities cited therein, and viewing the evidence in a light most favorable to plaintiff, this court concludes that defendant's arguments are correct. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet her Rule 56 burden, summary judgment is appropriate. *See, e.g., Brewer v. Purvis*, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993), *aff'd*, 44 F.3d 1008 (11th Cir. 1995) ("Summary judgment is appropriate since Plaintiff failed to respond to [defendant's] argument on this issue."); *see also Wiley v. Earl's Pawn & Jewelry, Inc.*, 950 F. Supp. 1108, 1113 n.4 (S.D. Ala. 1997); *Southern Nevada Shell Dealers Association v. Shell Oil*, 725 F. Supp. 1104, 1109 (D. Nev. 1989).

Accordingly, the court adopts defendant's arguments as its own, and finds defendant's motion for summary judgment is due to granted on the grounds stated therein and in the supplement thereto. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this 22nd day of March, 1999.

United States District Judge

4